# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# SAN ANTONIO DIVISION

| | |
|---|---|
| THOMAS B. STOLHANDSKE, | § |
| *Plaintiff,* | § § § Civil Action No. SA-19-CV-276-XR |
| v. | § § |
| GUILD MORTGAGE COMPANY, | § § |
| *Defendant.* | § § |

## ORDER ON MOTION TO DISMISS

On this date, the Court considered Defendant's Motion to Dismiss (docket no. 3). Plaintiff did not respond. Even though unopposed, the Court will analyze the motion, the complaint, and the applicable law to determine whether dismissal is warranted under Federal Rule of Civil Procedure 12(b)(6). After careful consideration, Defendant's Motion is GRANTED WITH LEAVE TO AMEND.

## BACKGROUND

On March 5, 2019, Plaintiff Thomas Stolhandske brought this suit in the 131st Judicial District Court of Bexar County, Texas, to stop Guild Mortgage's foreclosure of his property at 8639 8th Street, Converse, Texas. In his Application for Ex Parte Restraining Order and Temporary Injunction, Plaintiff alleges he bought this "distressed property," which was "covered by a Note and Deed of Trust Executed by the original purchaser Joseph Coulter," who Plaintiff alleges is currently incarcerated. Docket no. 1-5 at 1.

Plaintiff alleges that, after purchase, he began evicting the property's inhabitants and repairing extensive damage to the home. Coulter, the original owner, allegedly received a previous Temporary Restraining Order preventing the foreclosure of the property. Now Plaintiff, the new

1

owner, allegedly sought from Defendant payoff and reinstatement amounts. *Id.* Plaintiff alleges that, although he has been unable to secure funds to finish the house's rehabilitation, his actions in removing illegal squatters and improving the home have benefitted Defendant. *Id.*

The state court granted a temporary restraining order on March 5, preventing Defendant's scheduled March 5 foreclosure. Docket no. 1-6. Defendant removed to this Court on March 18. Docket no. 1. On April 1, Defendant filed the Motion to Dismiss now before the Court, arguing that Plaintiff's suit should be dismissed for failure to allege any cause of action. Docket no. 3.

## DISCUSSION

### I. Legal Standard

To survive a 12(b)(6) motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim for relief must contain: (1) "a short and plain statement of the grounds for the court's jurisdiction"; (2) "a short and plain statement of the claim showing that the pleader is entitled to the relief"; and (3) "a demand for the relief sought." FED. R. CIV. P. 8(a). In considering a motion to dismiss under Rule 12(b)(6), all factual allegations from the complaint should be taken as true, and the facts are to be construed favorably to the plaintiff. *Fernandez-Montez v. Allied Pilots Assoc.*, 987 F.2d 278, 284 (5th Cir. 1993). To survive a 12(b)(6) motion, a complaint must contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555.

### II. Application

As Defendant correctly notes, to obtain a temporary injunction, the applicant must plead and prove three specific elements: (1) a cause of action against the defendant; (2) a probable right

to the relief sought; and (3) a probable, imminent, and irreparable injury in the interim. *Butnaru v. Ford Motor Co.*, 84 S.W.3d 198, 204 (Tex. 2002).

Here, Plaintiff's application does not attempt to state any cause of action, and without a viable claim there is no basis for injunctive relief. *See Ortega v. Ocwen Loan Servicing, LLC*, No. 5:16-CV-00566-XR, 2016 WL 5794803, at *2 (W.D. Tex. Oct. 3, 2016); *see also Sgroe v. Wells Fargo Bank, N.A.*, 941 F.Supp.2d at 751 ("Under Texas law, a request for injunctive relief, absent a cause of action supporting entry of a judgment, is fatally defective and does not state a claim."); *Rodriguez v. Bank of America, N.A.*, No. SA-12-CV-905-DAE, 2013 WL 1773670, at *13 (W.D. Tex. April 25, 2013) (holding that the plaintiff's request for injunctive relief failed because it could not be supported by a viable cause of action).

## CONCLUSION

For the foregoing reasons, Defendant's Motion to Dismiss (docket no. 3) is GRANTED WITH LEAVE TO AMEND. Should Plaintiff wish to pursue his claims, he is ORDERED to file an amended complaint by May 9, 2019. If Plaintiff does not file an amended complaint by this date, his claims will be dismissed without prejudice. This case is to remain open pending Plaintiff's filing of an amended complaint.

It is so ORDERED.

SIGNED this 18th day of April, 2019.

XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE